06-3016-cv
Transport Wkrs. Union Local 100 v. NYC Transit Authority

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2007

(Argued September 19, 2007          Decided October 16, 2007)

Docket No. 06-3016-cv

---------------------------------------------------------

TRANSPORT WORKERS UNION OF AMERICA, LOCAL 100, AFL-CIO;
ROGER TOUSSAINT, AS PRESIDENT OF TRANSPORT WORKERS
UNION, LOCAL 100, AFL-CIO; TRANSPORT WORKERS UNION OF
AMERICA, AFL-CIO; SONNY HALL, AS PRESIDENT OF TRANSPORT
WORKERS UNION OF AMERICA, AFL-CIO; AMALGAMATED TRANSIT
UNION, LOCAL 726; AND ANGELA TANZI, AS PRESIDENT OF
AMALGAMATED TRANSIT UNION, LOCAL 726,

Plaintiffs-Appellants,

v.

NEW YORK CITY TRANSIT AUTHORITY, AND MANHATTAN AND
BRONX SURFACE TRANSIT OPERATING AUTHORITY,

Defendants-Appellees.

---------------------------------------------------------

B e f o r e: MESKILL, MINER and CABRANES, Circuit Judges.

This appeal follows a bench trial and entry of judgment pursuant to Fed. R. Civ. P. 54(b) in the United States District Court for the Southern District of New York, Scheindlin, J., on issues relating to the Transit Authority's sick leave policy as applied to certain Union-represented employees.

Appeal dismissed for lack of jurisdiction.

WALTER M. MEGINNISS, New York, NY (Margaret A. Malloy, Gladstein, Reif & Meginniss, New York, NY, David B. Rosen General Counsel, Transport Workers Union of America, AFL-CIO, New York, NY, <u>of</u> <u>counsel</u>), <u>for</u> <u>Appellants</u>.

RICHARD SCHOOLMAN, New York City Transit Authority, Brooklyn, NY (Baimusa Kamara, New York City Transit Authority, Brooklyn, NY, <u>of</u> <u>counsel</u>), <u>for</u> <u>Appellees</u>.

MESKILL, <u>Circuit</u> <u>Judge</u>:

In this case challenging the Transit Authority's sick leave policy we must decide whether the judgment entered pursuant to Fed. R. Civ. P. 54(b) was proper, thereby giving us jurisdiction to hear this appeal. We hold that it was not and dismiss the appeal.

This appeal follows a bench trial and entry of judgment pursuant to Fed. R. Civ. P. 54(b) in the United States District Court for the Southern District of New York, Scheindlin, <u>J</u>., on issues relating to the Transit Authority's sick leave policy as applied to certain Union-represented employees.

BACKGROUND

The plaintiffs in this case are three labor unions and their respective presidents: Transport Workers Union of America, Local 100, Roger Toussaint, President; Transport Workers Union of America, AFL-CIO, Sonny Hall, President; and Amalgamated Transit Union Local 726, Angelo Tanzi, President (hereinafter

-2-

collectively referred to as the "Unions"). The defendants, the New York City Transit Authority and the Manhattan and Bronx Surface Transit Operating Authority (hereinafter jointly referred to as the "TA") operate mass transit in New York City.

Certain New York City mass transit workers and their unions challenge the continuing legality of their employers' long-standing sick leave policy (also referred to hereinafter as the "policy") claiming the Policy violates certain prohibitions set forth in Title I of the Americans with Disabilities Act (ADA). Setting aside differences relating to the policy as applied to particular classes of Union-represented workers, the parties' allegations are relatively straightforward.

In pertinent part, the sick leave policy, applicable to members of the Unions who work for the TA, requires those who claim sick leave to file a written application in which they must identify the nature of their illness or disability. Most employees absent for three days or more also must include a doctor's certification of their diagnosis or treatment plan and may have to submit to a TA-sponsored medical examination. Moreover, certain employees on a "control list" which identifies abusers of the sick leave benefit must include medical certification for absences of any length.

The ADA provides that "[a] covered entity shall not require a medical examination and shall not make inquiries of an

employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A). The Unions maintain, inter alia, that requiring employees to disclose their medical conditions or to provide doctor's certification of their illnesses tends to reveal ADA-covered disabilities such as HIV status, asthma, cancer and depression, and that such requirements further violate our holding in Conroy v. N.Y. State Dep't of Corr. Servs., 333 F.3d 88, 95-96 (2d Cir. 2003), that a similar policy instituted by the New York State Department of Corrections implicates a prohibited "inquiry" under the ADA.

The Unions seek a declaration that the TA's continued reliance on the policy violates the ADA and an injunction prohibiting its enforcement against all Union-represented employees. Apparently hoping to encourage resolution of the differing claims of various classes of Union-represented TA employees, the district court held a bench trial from September 7 to September 14, 2004 on the viability of the policy as applied to one affected group, Bus Operators and another, Station Cleaners. See generally Transp. Workers Union v. N.Y. City Transit Auth., 341 F.Supp.2d 432 (S.D.N.Y. 2004).

At trial, the TA offered two broad justifications for

-4-

the policy: the curbing of sick leave abuse and the maintenance of workplace and public safety. Id. at 437. The district court found:

> [T]he Policy's inquiries are within the scope of the ADA Prohibition, and the asserted business necessity of curbing sick leave abuse is adequate to justify the Policy as it stands only with respect to those employees who meet the criteria of the Authority's sick leave control list. However, the asserted business necessity of maintaining safety is sufficient to justify the Policy with respect to safety-sensitive employees, including bus operators. A further trial will be required to determine whether safety concerns may justify the policy (as it stands) with respect to other groups of employees, or to all employees.

Id. at 453-54.

Following this determination, both the Unions and the TA sought certification to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), a request the district court granted. See generally Transp. Workers Union v. N.Y. City Transit Auth., 358 F.Supp.2d 347 (S.D.N.Y. 2005). On March 8, 2006, we denied the petition and dismissed the interlocutory appeal because the parties had not demonstrated exceptional circumstances "justify[ing] a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Transp. Workers Union v. NY City Transit Auth., 05-8005-mv (2d Cir. Mar. 8, 2006) (unpublished order) (alterations in original) (citations and quotations omitted).

After we disposed of the interlocutory petition, the

district court considered the Union's request for entry of judgment pursuant to Rule 54(b), originally filed as an additional cross motion to the TA's request for interlocutory appeal. By an order dated May 26, 2006 and Judgment filed June 12, 2006, the district court granted the Unions' motion for entry of final judgment dismissing plaintiffs' claim as to all of the defendants' employees in the title of bus operator.

The district court's Order Directing Entry of Final Judgment Pursuant to Rule 54(b), in part, recites:

> WHEREAS, the Court held, by Opinion and Order dated October 12, 2004, that defendants had not sustained their burden of showing that the asserted business necessity of curbing sick leave abuse justifies the sick leave medical inquiry policy as to either Station Cleaners or Bus Operators, except as to those on the sick leave control list, as to whom the Court held defendants had met that burden; and
>
> WHEREAS, the Court held, by Opinion and Order dated October 12, 2004, that defendants had sustained their burden of showing that the asserted business necessity of assuring safety justifies the sick leave medical inquiry policy as to Bus Operators; and . . . .
>
> WHEREAS the Court's October 12, 2004 ruling finally disposes of the claim that the sick leave medical inquiry policy as applied to Bus Operators violates the ADA; and
>
> WHEREAS, the disposition of the claim as to Bus Operators is an ultimate disposition of a separate claim entered in the course of a multiple claim action; . . . .
>
> NOW, THEREFORE, the clerk of Court is directed to enter judgment pursuant to Rule 54(b), Fed. R. Civ. P., dismissing plaintiffs' claim as to all of the defendants' employees in the title of Bus Operator . . . .

On June 26, 2006, the Unions filed their Notice of Appeal. The

TA, however, has not filed a cross appeal.

DISCUSSION

Ordinarily, we have jurisdiction only over appeals from final decisions of the district court. 28 U.S.C. § 1291; see Smith ex rel. Smith v. Half Hollow Hills Cent. Sch. Dist., 298 F.3d 168, 171 (2d Cir. 2002). A "final" decision embodied in a "final" judgment "is one that conclusively determines the pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." Citizens Accord v. Town of Rochester, 235 F.3d 126, 128 (2d Cir. 2000).

Under Rule 54(b), however, a district court may certify a final judgment where: (1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been determined; and (3) there is "an express determination that there is no just reason for delay." We review a district court's Rule 54(b) certification for abuse of discretion. See, e.g., L.B. Foster Co. v. America Piles, 138 F.3d 81, 86 (2d Cir. 1998).

A district court's grant of Rule 54(b) certification does not automatically require us to review the merits of the appeal. See 10 Wright, Miller & Kane, Federal Practice and Procedure § 2655, at 40 (3d ed. 1998). "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved

-7-

claims." Curtiss-Wright Corp. v. Gen. Elec., 446 U.S. 1, 8 (1980). Even if separable, if it appears that a claim already determined could again be subject to review in a subsequent appeal, then Rule 54(b) certification is improper. See id.; Nat'l Bank of Washington v. Dolgov, 853 F.2d 57, 58 (2d Cir. 1988) (per curiam).

Although the district court's certification parses out "Bus Operators" as a distinct party, the complaint itself is brought by the Unions on behalf of all Union-represented transit workers; accordingly, it is unclear that there actually has been a decision relating to "one party" as contemplated by Rule 54(b). Furthermore, it does not appear either that one claim or the rights and liabilities of one party has been finally decided.

The district court found no reason to delay review of the Unions' appeal of its decision that the policy can be applied to Bus Operators based on safety concerns. The court reasoned that "the claim as to Bus Operators is severable from the rest of the complaint, as the claims as to other employees in other job titles will require different exhibits, proof, and witnesses, and different operative facts will determine the result."

The district court's conclusion that all claims involving Bus Operators have been determined is questionable. As was made clear in its briefs and at oral argument, the TA still disputes and intends to appeal the district court's determination that it has not met its burden of showing that the policy, to the

extent it generally is designed to curb sick leave abuse by all employees, is a legal business necessity under the ADA. The TA has not cross-appealed the "sick leave abuse" issue and by the explicit terms of the district court's Rule 54(b) certification, that issue is not before us.

Because the Unions only have appealed the "safety" issue as applied to Bus Operators, questions surrounding both sick leave abuse and the safety-sensitivity of various other job titles are likely to be raised in a subsequent appeal, either by the TA or by the Unions, thereby making the certification here inappropriate. Thus, while we appreciate the district court's desire to encourage resolution of this action by providing the parties guidance on the issue of "business necessity," we should not review the merits of this appeal in its present posture. See Info. Res. v. Dunn and Bradstreet Corp., 294 F.3d 447, 451-52 (2d Cir. 2002) (non-final rulings include orders dismissing only a portion of a claim); Ginett v. Computer Task Group, 962 F.2d 1085, 1092 (2d Cir. 1992) ("final decision" under Rule 54 leaves nothing to do but execute the judgment); Hogan v. Consol. Rail Corp., 961 F.2d 1021, 1025 (2d Cir. 1992) (certification is inappropriate "if the same or closely related issues remain to be litigated against the undismissed defendants").

CONCLUSION

We conclude the district court committed legal error in granting the Unions' motion for certification under Rule 54(b).

-9-

The appeal is dismissed for want of jurisdiction, and the case is remanded for further proceedings.