13-4586, 13-4589, 13-4588
Arzuaga v. Quiros, Faucher, Cieboter, et al.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2014

(Submitted: February 27, 2015        Decided: March 20, 2015)

Docket Nos. 13-4586, 13-4589, 13-4588

_____

JOSÉ ARZUAGA,

*Plaintiff-Appellant,*

—v.—

ANGEL QUIROS, WARDEN, INDIVIDUAL AND OFFICIAL CAPACITY, MICHAEL PAFUMI, LIEUTENANT, INDIVIDUAL CAPACITY, T. RIORDIN, LIEUTENANT, INDIVIDUAL CAPACITY, RIVERA, LIEUTENANT, INDIVIDUAL CAPACITY, SCOTT SALIUS, CAPTAIN, INDIVIDUAL CAPACITY, MATTHEW PRIOR, CORRECTIONAL OFFICER, INDIVIDUAL CAPACITY, RICHARD FUREY, HSA, INDIVIDUAL AND OFFICIAL CAPACITY, MARK FRAYNE, PSY. D., INDIVIDUAL AND OFFICIAL CAPACITY, HEATHER GAW, PSY.D, INDIVIDUAL AND OFFICIAL CAPACITY, GERARLD GAGNE, PSYCHIATRY, INDIVIDUAL AND OFFICIAL CAPACITY, NICOLE QUAILS, SOCIAL WORKER, INDIVIDUAL CAPACITY, PAT WARD, SOCIAL WORKER, INDIVIDUAL CAPACITY, SHANNON, NURSE, INDIVIDUAL CAPACITY, RAE, CAPTAIN, INDIVIDUAL CAPACITY,

*Defendants-Appellees.*

_____

JOSÉ ARZUAGA,

*Plaintiff-Appellant,*

—v.—

STEVEN FAUCHER, INDIVIDUAL CAPACITY, EDWARD MALDONADO, INDIVIDUAL AND OFFICIAL CAPACITY, DON CYR, INDIVIDUAL CAPACITY, BRYAN RAE, INDIVIDUAL CAPACITY, BRIAN JACKSON, INDIVIDUAL CAPACITY, NELSON CORREIA, INDIVIDUAL CAPACITY, TIMOTHY CARROLL, KEVIN ARZT, INDIVIDUAL CAPACITY, JASON CAHILL, INDIVIDUAL CAPACITY, MICHAEL PAFUMI, INDIVIDUAL CAPACITY, ROHAN DAIRE, INDIVIDUAL CAPACITY, DAVID ANAYA, INDIVIDUAL CAPACITY, ANA CLAUDIO, INDIVIDUAL CAPACITY, MELVIN SAYLOR, INDIVIDUAL CAPACITY, PAUL GERMOND, INDIVIDUAL CAPACITY, DERRICK MOLDEN, INDIVIDUAL CAPACITY, JAMES SHARP, INDIVIDUAL CAPACITY, TONY WILLIAMS, INDIVIDUAL CAPACITY, MARK FRAYNE, INDIVIDUAL CAPACITY, THOMAS LEONE, INDIVIDUAL CAPACITY, GALBERT, CORRECTIONAL OFFICER, INDIVIDUAL CAPACITY, BLONIASZ, CORRECTIONAL OFFICER, INDIVIDUAL CAPACITY, BARNETTE, LIEUTENANT, INDIVIDUAL CAPACITY, JOE TAYLOR, NIGEL RODNEY,

*Defendants-Appellees.*

————————

JOSÉ ARZUAGA,

*Plaintiff-Appellant,*

—v.—

RICHARD CIEBOTER, CORRECTIONAL OFFICER, INDIVIDUAL CAPACITY, RUTKOWSKI, CORRECTIONAL OFFICER, INDIVIDUAL CAPACITY, MIKE JONES, INDIVIDUAL CAPACITY,

*Defendants-Appellees.*

————————

Before:

KATZMANN, *Chief Judge*, WALKER and CHIN, *Circuit Judges*.

_____

Appeals from three orders entered by the United States District Court for the District of Connecticut (Dominick J. Squatrito, *J.*), which dismissed the plaintiff-appellant's complaints for failure to pay the required filing fees. We conclude that the plaintiff-appellant's receipt of approximately $6,000 in past-due Social Security benefits did not make him ineligible to proceed in forma pauperis, because the No Social Security Benefits for Prisoners Act of 2009 barred him from accessing those benefits. We further conclude that the plaintiff-appellant's receipt of an additional $350 in his prisoner trust account after he filed his motions to proceed in forma pauperis also did not render him ineligible, because he complied with the statutory requirements when he spent those funds instead of applying them to filing fees. Additionally, we recall the mandate in a previously dismissed appeal because we conclude, contrary to a previous order of this Court, that the appeal was in fact timely. Accordingly, the orders of the district court are **VACATED** and these cases are **REMANDED** for further proceedings.

_____

José Arzuaga, pro se, Somers, CT.

Robert B. Fiske, III, Assistant Attorney General, *for* George Jepsen, Attorney General of the State of Connecticut, Hartford CT, *for Defendants-Appellees Steven Faucher, et al.*

Thomas J. Davis, Jr., Assistant Attorney General, *for* George Jepsen, Attorney General of the State of Connecticut, Hartford CT, *for Defendants-Appellees Angel Quiros, et al.*

_____

3

PER CURIAM:

These cases call on us to clarify when prisoners are eligible to proceed in forma pauperis ("IFP"). Over the past several years, plaintiff-appellant José Arzuaga, who is currently incarcerated at the Corrigan Correctional Center in Connecticut, filed three separate actions against prison officials under 42 U.S.C. § 1983. Although the district court initially granted Arzuaga's motion to proceed IFP, the district court later revoked Arzuaga's IFP status because Arzuaga had received approximately $6,000 in past-due Social Security benefits that he had not reported to the district court. After Arzuaga subsequently failed to pay the filing fees, the district court dismissed all three actions, prompting these appeals.

As the appellees now seem to concede, Arzuaga's past-due Social Security benefits did not provide a basis for revoking his IFP status because the No Social Security Benefits for Prisoners Act of 2009 barred Arzuaga from accessing those benefits while incarcerated. *See* 42 U.S.C. § 404(a)(1)(B)(ii). We write primarily to address the appellees' contention that the revocation of Arzuaga's IFP status should nonetheless be affirmed on alternative grounds. In May 2013, after the three complaints were filed, Arzuaga received a separate deposit of $350 into his

4

prisoner trust account and spent that money on consumer goods rather than filing fees. The appellees contend that by failing to apply these funds to filing fees, Arzuaga made himself ineligible for IFP status.

We conclude that Arzuaga complied with the provisions of the IFP statute even though he did not use the additional $350 he received to pay filing fees. We also conclude that, contrary to an earlier order of this court dismissing one of Arzuaga's appeals as untimely, all three appeals were timely. Accordingly, we exercise our authority to recall the mandate *sua sponte* in the dismissed appeal and reinstate that appeal. And because the district court erred by revoking Arzuaga's IFP status, we **VACATE** the district court's dismissals of all three actions, and **REMAND** these cases for further proceedings.

## I.  BACKGROUND

Between 2010 and 2012, Arzuaga filed three separate section 1983 actions against various prison employees. *See Arzuaga v. Quiros*, Case No. 10-cv-1200 (D. Conn., filed July 29, 2010) ("*Arzuaga I*"); *Arzuaga v. Faucher*, Case No. 12-cv-668 (D. Conn., filed May 3, 2012) ("*Arzuaga II*"); *Arzuaga v. Cieboter*, Case No. 12-cv-743 (D. Conn., filed May 17, 2012) ("*Arzuaga III*"). In all three cases,

Arzuaga moved for, and was granted, permission to proceed IFP. *See Arzuaga I* R. Docs. 1, 3; *Arzuaga II* R. Docs. 2, 3; *Arzuaga III* R. Docs. 2, 5.

In March 2013, the defendants in *Arzuaga I* and *Arzuaga III* separately moved to dismiss those cases pursuant to 28 U.S.C. § 1915(e)(2)(A), arguing that Arzuaga's allegations of poverty were untrue because in January 2010 he had been awarded over $6,000 in past-due Social Security benefits. *Arzuaga I* R. Doc. 128; *Arzuaga III* R. Doc. 39. In response, Arzuaga contended that he did not have access to these benefits while incarcerated. *Arzuaga I* R. Doc. 141; *Arzuaga III* R. Doc. 44. Arzuaga also moved to amend his IFP motion in all three actions to (1) reflect the Social Security benefits, and (2) affirm that he possessed $49.50 in his prisoner trust account. *Arzuaga I* R. Doc. 140; *Arzuaga II* R. Doc. 19; *Arzuaga III* R. Doc. 44.

The district court denied the motions to dismiss, finding that Arzuaga had not acted in bad faith by failing to disclose the Social Security benefits. *Arzuaga I* R. Doc. 147; *Arzuaga III* R. Doc. 54. The district court also concluded, however, that those benefits allowed Arzuaga to pay the filing fees, and thereby rendered him ineligible to proceed IFP. The district court therefore revoked

Arzuaga's IFP status in all three cases, and ordered Arzuaga to pay the filing fees or face dismissal of his actions. *Arzuaga I* R. Doc. 150; *Arzuaga II* R. Doc. 38; *Arzuaga III* R. Doc. 61. Arzuaga did not pay the filing fees. On October 9, 2013, the district court entered a text order dismissing *Arzuaga III*. *Arzuaga III* R. Doc. 63. Similarly, on October 23, 2013, the district court entered text orders dismissing *Arzuaga I* and *Arzuaga II*. *Arzuaga I* R. Doc. 151; *Arzuaga II* R. Doc. 41.

Arzuaga appealed all three dismissals by delivering notices of appeal to prison authorities on, at the latest, December 2, 2013.[1] Arzuaga then moved in the district court to proceed IFP on appeal. *Arzuaga I* R. Doc. 154; *Arzuaga II* R. Doc. 46; *Arzuaga III* R. Doc. 71. In moving to proceed IFP on appeal, Arzuaga cited, apparently for the first time, the No Social Security Benefits for Prisoner's Act of 2009 ("NSSBPA"), Pub. L. No. 111-115, 123 Stat. 3029 (2009), which prohibits prisoners from accessing retroactive Social Security benefits. *See* 42 U.S.C. §§ 402(x); 404(a)(1)(B)(ii); 1383(b)(7)(A). After receiving supplemental briefing on

---

[1] Arzuaga first attempted to appeal the dismissals on November 15, 2013, *see Arzuaga I* R. Doc. 155, at 4, but these appeals were initially rejected because Arzuaga appealed all three of his cases in a single notice of appeal, *see Arzuaga I* R. Doc. 152. Because Arzuaga's appeals would be timely even if filed on December 2, we need not decide whether Arzuaga should be credited with the earlier filing date.

this issue, the district court agreed with Arzuaga that the NSSBPA barred him from accessing his Social Security benefits, and thus could not make him ineligible for IFP status. *See Arzuaga I* R. Doc. 171; *Arzuaga II* R. Doc. 62.

Nonetheless, the district court denied Arzuaga IFP status on appeal and held that its prior revocation of Arzuaga's IFP status in all three actions was justified on an alternative ground. On April 23 and May 10, 2013—shortly after Arzuaga sought leave to amend his IFP motions—Arzuaga received deposits totaling $350 into his prisoner trust account. Arzuaga did not inform the district court of these deposits, and instead spent $243.11 to purchase a beard trimmer, a television, and a digital antenna. The district court stated that it did not consider these purchases to be "necessities of life*." See id.* at 4 (quoting *Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983) for the proposition that "no party applying for leave to proceed *in forma pauperis* 'must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life'"). The district court therefore concluded that it "would have revoked Arzuaga's in forma pauperis status apart from any issue relating to past-due Social Security benefits." *Id.* at 5.

For these same reasons, the district court also certified that Arzuaga's

appeals were not "not taken in good faith" under 28 U.S.C. § 1915(a)(3).

Although the district court acknowledged that its prior revocation of Arzuaga's

IFP status was based on the Social Security benefits, rather than Arzuaga's

receipt of the $350 in April and May 2013, the district court nonetheless

concluded that Arzuaga's appeals were "futile" because an appellate court may

affirm on any ground in the record. *Id.* at 5.[2]

Arzuaga then moved in this Court for IFP status on appeal. As to *Arzuaga I*

and *Arzuaga II*, a motions panel of this Court granted Arzuaga's motions to

proceed IFP on appeal. As to *Arzuaga III*, however, the motions panel concluded

*sua sponte* that the appeal was untimely because the notice of appeal had been

filed more than 30 days after the district court's dismissal of that action. The

motions panel therefore dismissed *Arzuaga III* for lack of appellate jurisdiction.

---

[2] Appellees argue that because the district court certified that this appeal was not taken in good faith, these appeals are barred by 28 U.S.C. § 1915(a)(3), which provides that an "appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." As set forth below, we conclude that these appeals have merit and therefore "displace [the] [d]istrict [c]ourt's certification." *Johnson v. United States*, 352 U.S. 565, 566 (1957) (per curiam); *see also Hall v. N.Y. State Div. of Parole*, 225 F.3d 645 n.2 (2d Cir. 2000) (summary order).

## II. JURISDICTION

Before turning to the merits of these appeals, we address the appellees'

contention that the *Arzuaga I* and *Arzuaga II* appeals were also untimely,

depriving us of appellate jurisdiction. Generally, a notice of appeal in a civil case

with no federal parties must be filed within 30 days of the entry of the judgment

or order appealed from.  Fed. R. App. P. 4(a)(1). However, when a district court

enters an order dismissing an action and fails to set out the judgment in a

separate document, the 30-day period to appeal begins to run 150 days from the

entry of the dispositive order. *See* Fed. R. Civ. P. 58(c); Fed. R. App. P. 4(a)(7); *see*

*also Perez v. AC Roosevelt Food Corp.*, 744 F.3d 39, 41 (2d Cir. 2013). This separate

document must be "separate from any judicial memorandum or opinion" and

"must be labeled a 'judgment.'" *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355,

363 (2d Cir. 2003).

Here, the district court dismissed both *Arzuaga I* and *Arzuaga II* by text

orders entered on October 23, 2013. The district court, however, never entered

either judgment in a separate document. Under Rule 58(c), then, the 30-day

periods for appeals did not begin running until 150 days after the dismissal of

10

these actions, on March 22, 2014, so Arzuaga's notices of appeal were due by April 21, 2014. Arzuaga certified that he delivered his notices of appeal to prison authorities on December 2, 2013 at the latest, and under the prison mailbox rule, his notices are considered filed on that date. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). These two appeals are thus timely.

This conclusion also requires us to revisit our dismissal of the *Arzuaga III* appeal as untimely. The district court dismissed *Arzuaga III* in a text order on October 9, 2013, but again did not enter a separate judgment. Under Rule 58(c), Arzuaga's appeals period therefore did not begin to run until March 8, 2014, making his notice of appeal due by April 7, 2014. And as with *Arzuaga I* and *Arzuaga II*, the *Arzuaga III* appeal was filed as of the date Arzuaga delivered his notice of appeal to prison authorities, no later than December 2, 2013. Contrary to our earlier conclusion, then, *Arzuaga III* was not untimely, and should not have been dismissed. Accordingly, we exercise our authority to recall the mandate *sua sponte* and reinstate the *Arzuaga III* appeal. *See Sargent v. Columbia Forest Prods., Inc.*, 75 F.3d 86, 89 (2d Cir. 1996); *Cohen v. Empire Blue Cross & Blue Shield*, 142 F.3d 116, 119 (2d Cir. 1998) (per curiam) (recalling the mandate when "a serious

issue" existed about whether an appeal should have been dismissed as untimely).

### III. DISCUSSION

As an initial matter, Arzuaga's Social Security benefits did not justify revoking his IFP status. As both the appellees and the district court now appear to recognize, the NSSBPA bars incarcerated litigants such as Arzuaga from accessing retroactive Social Security benefits while in prison. *See Fowlkes v. Thomas*, 667 F.3d 270, 271 (2d Cir. 2012) (per curiam) ("Congress enacted the No Social Security Benefits for Prisoners Act with the express purpose of 'prohibit[ing] retroactive payments to individuals during periods for which such individuals are prisoners.'" (quoting NSSBPA's preamble, 123 Stat. at 3029)). And since Arzuaga could not access his Social Security benefits, he could not use those benefits to pay filing fees, and so the benefits did not preclude Arzuaga from proceeding IFP. *See* 28 U.S.C. § 1915(a)(1) (authorizing litigants to proceed IFP when "unable to pay" filing fees).

Because Arzuaga's Social Security benefits did not preclude him from proceeding IFP, we turn to the appellees' alternative justification for revoking

12

Arzuaga's IFP status. The appellees argue that Arzuaga should not be allowed to proceed IFP because, in April and May of 2013, he received deposits totaling $350 into his prisoner trust account. Rather than notifying the district court of these deposits or applying the funds to filing fees, Arzuaga spent $243.11 on what the appellees characterize as non-essential consumer goods. The appellees argue that Arzuaga could have paid the filing fees, chose not to, and is thus ineligible to proceed IFP. The district court endorsed this reasoning in its order denying Arzuaga permission to proceed IFP on appeal and finding that Arzuaga's appeals were not taken in good faith.

Boiled down to its core, the appellees' argument is that an incarcerated litigant who is proceeding IFP and who receives a deposit into his prisoner trust account after moving to proceed IFP should be required to (1) disclose that deposit to the district court and (2) immediately use the entirety of those funds to pay filing fees. Neither of these purported requirements finds any support in the IFP statute. First, the statute does not mandate that a prisoner proceeding IFP must disclose every deposit he or she receives in her prisoner trust account. 28 U.S.C. § 1915(a)(1) states that a prisoner who wishes to proceed IFP must provide

"a statement of all assets such prisoner possesses" in support of his or her motion for IFP status. Similarly, 28 U.S.C. § 1915(a)(2) requires the prisoner to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." But the statute nowhere requires a litigant to submit further documentation to the district court if he or she receives additional deposits, nor does it impose a continuing obligation to update the affidavit. Here, there appears to be no dispute that Arzuaga's IFP affidavits accurately described the state of Arzuaga's finances at the time Arzuaga filed his motions to proceed IFP. Arzuaga therefore complied with the documentation requirements of the IFP statute.

Second, the IFP statute does not obligate prisoners proceeding IFP to spend all subsequently received funds on filing fees. Nor does it excuse any obligation to pay those fees. Instead, the statute requires prisoners to pay the entire filing fee in installments deducted from their prisoner trust accounts. *See Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir. 1997). Specifically, 28 U.S.C. § 1915(b)(1) provides:

> [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a

14

partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—

> (A) the average monthly deposits to the prisoner's account; or

> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

"After the initial partial filing fee has been collected, the prisoner must make monthly payments in the amount of 20% of the income credited to his account in the preceding month, so long as the account contains more than $10, until the entire fee is paid." *Nicholas*, 114 F.3d at 19 (citing 28 U.S.C. § 1915(b)(2)).

Here, Arzuaga received a $100 deposit in April 2013 and a $250 deposit in May 2013. Because Arzuaga had to pay 20% of his income as an installment payment pursuant to section 1915(b)(2), these deposits increased the size of Arzuaga's monthly installment by $20 for April 2013, and $50 dollars for May 2013. There is no indication that Arzuaga failed to make the required installment payments.[3] Arzuaga thus complied with the payment requirements imposed by

---

[3] To the contrary, the account statements for Arzuaga's prisoner trust account indicate that, consistent with section 1915(b)(2), the Connecticut Department of Corrections deducted $20 from Arzuaga's account in April 2013 and $50 in May 2013. *See Arzuaga I* Supp. App. 103. These deductions are labeled as "PLRA" deductions, presumably referring to the Prison Litigation Reform Act, which

the IFP statute. The statute imposed no further requirement that Arzuaga make additional payments towards the filing fees out of the funds remaining in his prisoner trust account. As such, the fact that Arzuaga spent those remaining funds on consumer goods—"necessities of life" or not—cannot justify revoking Arzuaga's IFP status.

Finally, we note that the additional $350 deposited into Arzuaga's prisoner account would not have covered the filing fee in all three of his cases in any event. As the filing fee is $350 per case, see 28 U.S.C. § 1914(a), he would have required $1,050 to pay the fees.

Accordingly, we respectfully conclude that the district court erred by revoking Arzuaga's IFP status. Neither Arzuaga's Social Security benefits nor his receipt of the $350 in April and May 2013 made Arzuaga ineligible to proceed

---

added the installment payment scheme to the IFP statute. *See Leonard v. Lacy*, 88 F.3d 181, 184 (2d Cir. 1996).

IFP.[4] We therefore **VACATE** the orders revoking Arzuaga's IFP status, **VACATE**

the orders dismissing these cases for failure to pay the required filing fees, and

**REMAND** these cases for further proceedings consistent with this opinion.

---

[4] The appellees also contend that Arzuaga timed his IFP motions to conceal the true state of his finances, and thereby committed fraud on the court so as to merit dismissal of his cases. The district court did not find that Arzuaga committed fraud on the court, and we decline to make that finding in the first instance. On remand, the district court of course remains free to find that Arzuaga engaged in fraudulent conduct if the facts support such a finding.