NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2015[*]
Decided June 3, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-2648

| | |
|---|---|
| JEFF V. ALLEN, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 14 C 3603 |
| LASALLE COUNTY JAIL, et al., | |
|     *Defendants-Appellees*. | Samuel Der-Yeghiayan, |
| | *Judge*. |

**O R D E R**

Jeff Allen, an Illinois inmate, appeals the district court's dismissal of his complaint for failure to prosecute after he failed to comply with the court's directive to supplement his request to proceed in forma pauperis with required information about his financial status. We vacate the judgment and remand.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that this appeal is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2)(C).

Allen sued LaSalle County Jail and two jail officials, alleging that as a pretrial detainee he was subjected to an unreasonable strip-search and inhumane conditions of confinement. He asked the district court to let him proceed in forma pauperis, *see* 28 U.S.C. § 1915, and filled out a form application asserting that his only income in the previous twelve months had come from monthly welfare checks. But he failed to submit any corresponding documentation from his jail to corroborate his income, as required by § 1915(a)(2), so the court denied the request. The court gave Allen a month to refile "a properly completed IFP application form," along with a certified prison trust fund account statement, warning that failure to file the documents or pay the full filing fee would result in dismissal. Allen responded by submitting a declaration swearing that he had only four cents in his prison trust account, and attached a computer printout—apparently generated by the LaSalle County Jail but not certified—chronicling seven months of commissary transactions, medical prescription payments, and payments for telephone usage, and reflecting a balance of $0.04. He also attached an unpaid bill for $770 from a recent emergency room visit.

The district court terminated the case. Referring to its earlier warning, the court stated that Allen failed to refile an IFP application form and thus failed to provide the requisite information about his financial status. And "although Allen attached a printout to his motion concerning certain transactions in his prison trust account," the court explained, "he failed to attach to his motion a certified copy of his prison trust account statement."

Allen then sought permission from the district court to proceed in forma pauperis on appeal. He filed a new IFP form application on which he wrote that his average income from any source in the previous 12 months was $0, but added elsewhere on the form that he had "no income but $10 a month," which he received at the Vienna Correctional Center. He also submitted a "Vienna Correctional Center Trust Fund Inmate Transaction Statement" showing an account balance of $5.92. The district court denied the request, stating that Allen's assertion "that he has received no income from any source in the last twelve months" conflicted with his application, and thus the appeal was in bad faith.

Allen appealed the district court's orders denying him leave to proceed IFP both in the lower court and on appeal, and asked us for permission to proceed IFP on appeal. We agreed that the district court erred in its bad-faith determination, and thus granted Allen leave to proceed IFP on appeal. We explained that his motion showed that he is indigent and that he raised a good-faith issue regarding that circumstances under which

a complaint should be dismissed when a litigant fails to comply explicitly with § 1915(a)(2) or a district court's order when seeking pauper status.

Section 1915(a) requires a prisoner seeking leave to proceed IFP to provide the district court with (1) "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor," and (2) "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." Although Allen provided the district court with an affidavit, he did not submit a certified copy of his trust fund account statement, and on this basis the court terminated his case. But the court did not consider the statutory command that a prisoner may also submit the "institutional equivalent" of a trust fund account statement, and specifically whether Allen's computer printout was the institutional equivalent of an account statement. That oversight was error.

Moreover, to the extent that the district court's decision to dismiss the case rested on Allen's failure to resubmit a "properly completed" IFP application form, we think Allen's omission insufficient to justify dismissal. The statute addresses a litigant's financial condition only at the time the complaint is filed. *See Arzuaga v. Quiros*, 781 F.3d 29, 34 (2d Cir. 2015). Subsequent developments in an inmate's finances are immaterial to the IFP determination unless there is evidence suggesting that the prisoner is seeking to avoid assessment of a greater filing fee under the IFP statute. *See Sultan v. Fenoglio*, 775 F.3d 888, 890–91 (7th Cir. 2015); *Wilson v. Sargent*, 313 F.3d 1315, 1321 n.7 (11th Cir. 2003). But nothing in this record justifies such an inference.

The judgment of the district court is VACATED, and the case is REMANDED for further proceedings.