15-1112-cv
*Arzuaga v. Pafumi, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

       **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand sixteen.**

PRESENT:    JOSÉ A. CABRANES,
                CHRISTOPHER F. DRONEY,
                        *Circuit Judges,*
                JEFFREY ALKER MEYER,
                        *District Judge.*[*]

---

JOSÉ ARZUAGA,

          *Plaintiff-Appellant,*              No. 15-1112-cv

          v.

MICHAEL PAFUMI, LIEUTENANT, INDIVIDUAL AND OFFICIAL CAPACITY, ROHAN DAIRE, LIEUTENANT, INDIVIDUAL AND OFFICIAL CAPACITY, JAMES SHARP, LIEUTENANT, INDIVIDUAL AND OFFICIAL CAPACITY, PAUL GERMOND, LIEUTENANT, INDIVIDUAL AND OFFICIAL CAPACITY, BRIAN JACKSON, LIEUTENANT, INDIVIDUAL AND OFFICIAL CAPACITY, DAVID ANAYA, LIEUTENANT, INDIVIDUAL AND OFFICIAL CAPACITY, BRIAN SIWICKI, LIEUTENANT,

---

   [*] The Honorable Jeffrey Alker Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

INDIVIDUAL AND OFFICIAL CAPACITY, GRIFFIN, LIEUTENANT, INDIVIDUAL AND OFFICIAL CAPACITY, BUJNICKI, LIEUTENANT, INDIVIDUAL AND OFFICIAL CAPACITY, RICHARD CIEBOTER, C/O, INDIVIDUAL AND OFFICIAL CAPACITY, MCCREARY, C/O, INDIVIDUAL AND OFFICIAL CAPACITY, LAUGHMAN, C/O, INDIVIDUAL AND OFFICIAL CAPACITY, BERNARD RAE, NURSE, INDIVIDUAL AND OFFICIAL CAPACITY,

*Defendants-Appellees.*

FOR PLAINTIFF-APPELLANT:  José Arzuaga, Hartford, CT, *pro se.*

FOR DEFENDANTS-APPELLEES:  Robert B. Fiske, III, Assistant Attorney General *for* George Jepsen, Attorney General for the State of Connecticut, Hartford, CT, *for* Defendants-Appellees.

Appeal from an order of the United States District Court for the District of Connecticut (Dominic J. Squatrito, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 15, 2014 order of the District Court is **VACATED** and the cause is **REMANDED**.

Plaintiff-appellant José Arzuaga ("Arzuaga"), proceeding *pro se*, appeals from an order of the District Court dismissing his complaint, brought against prison officials under 42 U.S.C. § 1983, due to Arzuaga's failure to pay the full outstanding amount of his filing fee. The dismissal order followed an earlier order of the District Court that had (1) revoked Arzuaga's *in forma pauperis* ("IFP") status, due to Arzuaga's failure to inform the District Court about certain deposits into his inmate trust account; and (2) informed Arzuaga that his complaint would be dismissed if he failed to pay the full outstanding amount of his filing fee by a date certain. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, we conclude that Arzuaga's appeal was timely filed. Defendants-appellees argue that Arzuaga's appeal is untimely because it was not filed within 30 days of the District Court's October 15, 2014 order of dismissal. But the District Court did not set out a judgment in a separate document from its ruling and order. Consequently, the 30-day deadline to appeal began to run 150 days after the entry of the October 15, 2014 dispositive order, or on March 14, 2015. *See* Fed. R. App. P. 4(a)(1), (7); Fed. R. Civ. P. 58(c). Accordingly, Arzuaga's notice of

appeal, which he filed on April 6, 2015, was timely. We turn now to Arzuaga's contentions on appeal.

On appeal, Arzuaga argues that the District Court erroneously revoked his IFP status after the District Court became aware of certain deposits into Arzuaga's prison trust account that were made after he obtained IFP status. Arzuaga further argues that, as a result of this revocation, the District Court erroneously dismissed his complaint due to his failure to pay the filing fee. We agree.

Since the time the District Court ruled in the instant case, we have held—in an earlier appeal filed by Arzuaga—that "the [IFP] statute does not mandate that a prisoner proceeding IFP must disclose every deposit he or she receives in her prisoner trust account." *Arzuaga v. Quiros*, 781 F.3d 29, 34 (2d Cir. 2015). We noted that 28 U.S.C. § 1915(a)(1) requires a prisoner who moves for IFP status to provide "a statement of all assets such prisoner possesses," and that § 1915(a)(2) requires that he "submit a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint." *Quiros*, 781 F.3d at 34 (quoting 28 U.S.C. § 1915(a)). We explained, however, that "the [IFP] statute nowhere requires a litigant to submit further documentation to the district court if he or she receives additional deposits, nor does it impose a continuing obligation to update the affidavit." *Id.* We also explained that "the IFP statute does not obligate prisoners proceeding IFP to spend all subsequently received funds on filing fees," and that it instead "requires prisoners to pay the entire filing fee in installments deducted from their prisoner trust accounts." *Id.* at 34–35 (citing 28 U.S.C. § 1915(b)(2)).

Here, as in *Quiros*, there is no indication—and defendants-appellees do not argue—that Arzuaga failed to make the required installment payments. Accordingly, his IFP status should not have been revoked, and the District Court should not have dismissed his complaint on the basis that he failed to pay the required filing fee.

## CONCLUSION

Accordingly, we **VACATE** the October 15, 2014 order of the District Court dismissing the complaint, and **REMAND** the cause for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3