23-1148-cv
*Brock v. The City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of July, two thousand twenty-four.

PRESENT:
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

Mandela Brock,

> *Plaintiff-Appellant,*

> v.                                                                          23-1148

The City of New York, The Avo Shopping Company, Eric Adams, (in his personal capacity),

> *Defendants-Appellees,*

William DeBlasio, (in his personal capacity),

> *Defendant.*

_____

FOR PLAINTIFF-APPELLANT: Mandela Brock, pro se, East Elmhurst, NY.

FOR DEFENDANTS-APPELLEES: Melanie T. West, and Chloé K. Moon, for Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY, *for* Mayor Eric Adams and City of New York.

Lorin A. Donnelly, Milber Makris Plousadis & Seiden, LLP, Woodbury, NY, *for* Avo Shopping Company.

Appeal from a judgment of the United States District Court for the Southern District of New York (Torres, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In late 2021, Plaintiff-Appellant Mandela Brock sued Defendants-Appellees New York City, Mayor Eric Adams (together, the "City Defendants"), and his employer, the Avo Shopping Company ("Avo"), claiming violations of the First, Fourth, and Fourteenth Amendments resulting from Avo's implementation of New York City's COVID-19 vaccine mandate for private employers. According to the operative complaint, Avo adopted the City's vaccine mandate, requiring Brock either to seek a medical or religious accommodation or to be vaccinated. When Brock did neither, Avo asked him to leave his job site. Weeks later, Brock partially

2

completed a religious accommodation request, but he refused to explain how the vaccine requirement implicated his religious beliefs. Avo then terminated Brock's employment. Brock sued, seeking damages and an order of reinstatement.

A magistrate judge recommended granting the City Defendants' motion to dismiss. *See Brock v. City of New York*, No. 21-CV-11094, 2023 WL 5020358 (S.D.N.Y. Jan. 3, 2023). The district court adopted the report and recommendation over Brock's objections and, after Brock failed to explain why Avo should remain in the suit, dismissed the claims against Avo as well. This appeal followed. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

**I**

As an initial matter, Avo is not correct that we lack jurisdiction. Brock filed a notice of appeal within 30 days of the order dismissing the remaining defendant, Avo, from the case.[1] That order was the final order under 28 U.S.C. § 1291, in that it resolved the remaining claims against the only remaining defendant. *See Transp. Workers Union of Am., Loc. 100, AFL-CIO v. N.Y.C. Transit Auth.*, 505 F.3d 226, 230 (2d Cir. 2007).

That Brock's notice designated the earlier order adopting the report and recommendation—and not the order dismissing Avo—does not affect our jurisdiction. Under the recently revised version of Federal Rule of Appellate Procedure 3(c), an appeal "must not be dismissed" for "failure to properly designate the judgment if the notice of appeal was filed after entry of the judgment and designates an order that merged into that judgment"—precisely what

---

[1] Because the district court did not enter a separate judgment, the time to appeal did not begin to run until 150 days after the entry of the case-dispositive order. *See* Fed. R. Civ. P. 58(c); Fed. R. App. P. 4(a)(7)(A)(ii); *Arzuaga v. Quiros*, 781 F.3d 29, 33 (2d Cir. 2015). Nevertheless, Brock's notice of appeal, while technically premature, was immediately effective when filed. *See* Fed. R. App. P. 4(a)(7)(B).

happened here. Fed. R. App. P. 3(c)(7); *see also* Fed. R. App. P. 3(c)(4) ("The notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order."); Fed. R. App. P. 3(c)(6) ("An appellant may designate only part of a judgment or appealable order by expressly stating that the notice of appeal is so limited. Without such an express statement, specific designations do not limit the scope of the notice of appeal.").

## II

"We review a district court's grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 19 F.4th 145, 147 (2d Cir. 2021) (quoting *Henry v. County of Nassau*, 6 F.4th 324, 328 (2d Cir. 2021)). To survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "We liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023) (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)). Applying these standards, we agree with the district court that Brock failed to state a claim.

First, Brock has not stated a claim under 42 U.S.C. § 1983 against Avo, a private party, because he does not adequately plead that the vaccine mandate compelled Avo's conduct such that Avo was acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (addressing how a private entity may act under color of state law). Brock does not explain how the "decisive step" that caused his injury arose from the City's mandate as opposed to Avo's corporate policies. *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 192 (1998).

4

Second, to the extent that Brock sought to attack the vaccine mandate as facially invalid, we have already rejected facial First Amendment challenges to the vaccine mandate. *See Kane v. De Blasio*, 19 F.4th 152, 164-67 (2d Cir. 2021). Brock points to a state court decision holding that "the vaccination mandates for public employees and private employees are arbitrary and capricious," *Garvey v. City of New York*, 77 Misc. 3d 585, 593 (N.Y. Sup. Ct. 2022), but that decision did not rely on the federal Constitution. Brock's Fourteenth Amendment claims fare no better because we have previously rejected such challenges too. *See Kane*, 19 F.4th at 167 n.14 (rejecting an equal protection challenge); *see also We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 293 (2d Cir. 2021) (rejecting a due process challenge).

\*　　　\*　　　\*

We have considered Brock's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5