Opinion for the court filed by Circuit Judge TARANTO.
Dissenting opinion filed by Circuit Judge NEWMAN.
TARANTO, Circuit Judge.
Larry G. Tyrues, a veteran of the United States Army who served in the Persian Gulf, sought disability benefits under two different standards. In September 1998, the Board of Veterans’ Appeals rejected his claim to benefits under 38 U.S.C. § 1110, because his lung condition lacked the required service connection, but remanded to the Department of Veterans’ Affairs Regional Office for further consideration of whether his chronic symptoms manifested Persian Gulf Syndrome, which might have entitled him to benefits under standards then in regulations but soon enacted as 38 U.S.C. § 1117. Mr. Tyrues did not appeal to the Court of Appeals for Veterans Claims from the Board’s September 1998 decision until more than 5 years later.
In April 2004, after the remand, the Board decided that Mr. Tyrues was not entitled to benefits pursuant to section 1117. At that point, Mr. Tyrues asked the Veterans Court to review both the April 2004 denial under section 1117 and the September 1998 denial under section 1110. The Veterans Court dismissed the part of his appeal that challenged the September 1998 Board decision, ruling that Mr. Ty-rues (a) missed the 120-day deadline for appealing that decision, 38 U.S.C. § 7266(a), and (b) presented no basis for equitable tolling under Henderson v. Shinseki, — U.S. -, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011). Concluding that the Veterans Court correctly interpreted 38 U.S.C. § 7266(a), we now affirm, as we did when the Veterans Court earlier reached the same untimeliness decision, before Henderson, without considering equitable tolling. See Tyrues v. Shinseki, 631 F.3d 1380 (Fed.Cir.), vacated and remanded in light of Tyrues, 132 S.Ct. 75 (2011).
BACKGROUND
Mr. Tyrues served his country in the United States Army in the Persian Gulf from November 1990 to May 1991. In March 1995, shortly after being hospitalized for pneumonia, Mr. Tyrues sought benefits for a lung disability pursuant to 38 U.S.C. § 1110, which provides for payment of compensation based on disabilities that result from a personal injury suffered or disease contracted in the line of duty. A veteran entitled to receive benefits under section 1110 is said to have a disability with a direct service connection.
While his entitlement to disability benefits under section 1110 was pending, Mr. Tyrues appeared at a hearing before a Board member to discuss the condition of his lungs. During the hearing, Mr. Tyrues said that other soldiers who had served in the Persian Gulf were experiencing chronic medical symptoms similar to his. The Board member responded that “[tjhat’s not really relevant” under section 1110 but that Mr. Tyrues should “certainly file a claim” seeking benefits for Persian Gulf Syndrome under standards, then embodied in regulations but about to be codified in section 1117, that afford a presumption of service connection in certain circumstances. Six days later, Mr. Tyrues amended his claim for disability benefits to identify chronic symptoms associated with Persian Gulf Syndrome, including aching joints, memory loss, and a stomach, condition.
*1354 In September 1998, the Board denied Mr. Tyrues disability compensation under section 1110. The entirety of the “Order” section of the decision stated: “The claim for entitlement to service connection for a lung disorder on a direct basis is denied.” In the distinct “Remand” portion of its decision, the Board sent Mr. Tyrues’s case back to the Regional Office for additional development of evidence on whether Mr. Tyrues’s “chronic disorder manifested by shortness of breath, due to undiagnosed illness,” was entitled to a presumptive service connection as Persian Gulf Syndrome.
The Board decision informed Mr. Ty-rues of his appellate rights:
NOTICE OF APPELLATE RIGHTS: Under 38 U.S.C.A. § 7266 ..., a decision of the Board of Veterans’ Appeals granting less than the complete benefit, or benefits, sought on appeal is appeal-able to the United States Court of Veterans Appeals within 120 days from the date of mailing of notice of the decision .... Appellate rights do not attach to those issues addressed in the remand portion of the Board’s decision, because a remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal.
The Board also attached a separate notice of appellate rights, which told Mr. Tyrues:
The attached decision by the Board ... is the final decision for all issues addressed in the “Order” section of the decision. The Board may also choose to remand an issue or issues to the local VA office for additional development. If the Board did this in your case, then a “Remand” section follows the “Order.” However, you cannot appeal an issue remanded to the local VA office because a remand is not a final decision. The advice below on how to appeal a claim applies only to issues that were allowed, denied, or dismissed in the “Order.”
(Emphasis in original.) The notice informed Mr. Tyrues of how to appeal and said:
You have 120 days from the date this decision was mailed to you ... to file a Notice of Appeal with the United States Court of Appeals for Veterans Claims.
Mr. Tyrues did not file an appeal within 120 days.
In April 2004, the Board decided that Mr. Tyrues was not entitled to section 1117’s presumption of service connection for Persian Gulf veterans. Mr. Tyrues then sought review in the Veterans Court of both the April 2004 denial of benefits under section 1117 and the September 1998 denial of benefits under section 1110.
In November 2005, the Veterans Court affirmed the April 2004 decision but held that it lacked jurisdiction to review the Board’s September 1998 decision because, as to that decision, Mr. Tyrues failed to comply with the mandate of 38 U.S.C. § 7266(a) that a veteran “shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed.” Tyrues v. Nicholson, 20 Vet.App. 231 (2005). After this court remanded for reconsideration on the Secretary’s motion, Tyrues v. Peake, 273 Fed.Appx. 921 (Fed.Cir.2008), the Veterans Court, acting en banc, again dismissed Mr. Tyrues’s appeal of the Board’s September 1998 decision for lack of jurisdiction. Tyrues v. Shinseki, 23 Vet.App. 166 (2009). This court then affirmed the Veterans Court. Tyrues v. Shinseki, 631 F.3d 1380 (Fed.Cir.2011).
A few weeks later, the Supreme Court held in Henderson v. Shinseki that the 120-day filing deadline in section 7266(a), though “an important procedural rule,” “does not have jurisdictional attributes.” — U.S.-, 131 S.Ct. 1197, 1206, 179 L.Ed.2d 159 (2011). The Supreme Court then granted Mr. Tyrues’s petition *1355 for certiorari, vacated this court’s judgment, and remanded for further consideration in light of Henderson. Tyrues v. Shinseki, — U.S.-, 132 S.Ct. 75, 181 L.Ed.2d 2 (2011). This court in turn vacated the Veterans Court’s judgment and remanded for consideration of whether the non-jurisdictional nature of section 7266(a) should lead to a different result. Tyrues v. Shinseki, 467 Fed.Appx. 889, 890 (Fed.Cir.2012). The Veterans Court thereafter held that it still must dismiss the appeal from the September 1998 decision, because Mr. Tyrues advanced no basis for equitable tolling of the 120-day clock in his case. Tyrues v. Shinseki, 26 Vet.App. 31, 33-34 (2012).
Mr. Tyrues timely petitioned this court for review of the Veterans Court’s decision under 38 U.S.C. § 7292(a).
Discussion
This court’s jurisdiction to review decisions of the Veterans Court is limited. See 38 U.S.C. § 7292. We have jurisdiction to decide appeals insofar as they challenge the validity of a decision of the Veterans Court with respect to a rule of law, including the interpretation or validity of any statute or regulation. Id. § 7292(a), (d)(1). We do not have jurisdiction to review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case where, as here, the challenge presents no constitutional issue. Id. § 7292(d)(2).
Mr. Tyrues’s appeal presents two related issues of statutory interpretation: When the Board has clearly rejected a request for benefits under one statutory standard and designated that rejection as subject to immediate appeal, while separately remanding the matter for consideration of the claimant’s request for benefits on other statutory grounds, (1) can the denial be appealed immediately, i.e., without waiting for completion of the remand, and (2) must the denial be appealed immediately, ie., within the 120 days specified in section 7266(a), in the absence of equitable tolling? In our earlier decision, now vacated, we addressed and answered affirmatively the same questions, though without the equitable-tolling qualifier: “whether the non-remanded portion of a mixed decision from the Board is final for the purposes of § 7266(a) and must be appealed within 120 days from the date of judgment.” 631 F.3d at 1383. We see no basis for now reaching a different conclusion, subject only to the addition of the Henderson-based equitable-tolling qualifier. With no issue before us on the case-specific matter of inapplicability of equitable tolling to Mr. Tyrues, we therefore affirm.
A
Neither party disputes that a veteran can immediately appeal a mixed Board decision — a decision that definitively denies benefits on one statutory ground while remanding for consideration of entitlement to benefits on another ground. The statute supports that position.
Section 7266(a) provides for “review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans’ Appeals.” A decision of the Board is an order that either grants or denies benefits sought by the veteran. See id. § 7104(d) (requiring that each “decision” of the Board either “grant[] appropriate relief or deny[ ] relief’); Maggitt v. West, 202 F.3d 1370, 1376 (Fed.Cir.2000) (“A ‘decision’ of the Board ... is the decision with respect to the benefit sought by the veteran: those benefits are either granted ... or they are denied.”). And this court and the Veterans Court, considering the policies specific to this statutory context, have long held that a decision definitively denying certain benefits — here, it is undisputed *1356 that the Board definitively denied benefits under section 1110 — is a “final” decision under section 7266(a), despite the simultaneous remand of issues concerning receipt of benefits on other statutory grounds, where immediate “judicial review will not disrupt the orderly process of adjudication.” See Elkins v. Gober, 229 F.3d 1369, 1373 (Fed.Cir.2000).
Consequently, the denial portion of a mixed decision is a final decision available for Veterans Court review where the Board makes clear the finality of that denial, although the Veterans Court is able to dismiss the appeal on the ground that immediate review would disrupt orderly adjudication, as where the denial portion is “inextricably intertwined” -with the portion ordering a remand. Harris v. Derwinski, 1 Vet.App. 180, 183 (1991) (refusing to exercise jurisdiction over an appeal that was “inextricably intertwined” with an issue undecided and pending before the Regional Office).
This rule not only fits the statutory language and context but enables the Board’s own rulings to provide the clarity that is desirable in a busy adjudicatory system. And it finds support in the longstanding treatment of certain partial-case resolutions in the federal courts — not because that treatment directly controls, but because it supplies an instructive model for interpreting the provisions governing the analogous situation here. Under Fed.R.Civ.P. 54(b), a district court “may direct entry of a final judgment as to one or more, but fewer than all, claims or parties,” upon “determin[ing] that there is no just reason for delay.” Such an adjudication of some (but not all) claims is an appealable “final judgment” under 28 U.S.C. §§ 1291, 1295. See, e.g., Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); Spraytex, Inc. v. DJS & T, 96 F.3d 1377 (Fed.Cir.1996).
Like a district court acting under Rule 54(b), the Board in the present context can determine that a denial portion of its ruling is definitive and sufficiently separate from a remand portion that it should be designated as final and thus immediately appealable — as the Veterans Court found the Board did with unchallenged clarity in this case. Tyrues, 23 Vet.App. at 180-81. And like a district court’s decision to enter a partial final judgment under Rule 54(b), the Board’s clear designation of a denial as final is not conclusive on the reviewing tribunal. Whether on the claimant’s motion under the Veterans Court’s Rule 5(a)(3) or otherwise, the Veterans Court may decline to review the decision based on prudential or similar considerations, such as sufficient intertwining of the decided and remanded issues, see Harris v. Derwinski, supra, as a federal appeals court may disagree with a district court’s determination that there is no just reason for delay in entering an appealable judgment on some (but not all) claims. See, e.g., 10 Charles A. Wright, et al., Federal Practice and Procedure § 2655 at 39^0 (3d ed. 1998) (“The fact that the district court files a Rule 54(b) certificate stating that those requirements have been satisfied is not conclusive [and] is fully renewable by an appellate court.”); id. § 2659 at 112 & n. 18; Transp. Workers Union of Am., Local 100, AFL-CIO v. N.Y.C. Transit Auth., 505 F.3d 226, 230 (2d Cir.2007); Gold Seal Co. v. Weeks, 209 F.2d 802, 810-11 (D.C.Cir.1954).
This interpretation of section 7266(a) favors the veteran in at least two ways. First, it enables the veteran simply to follow express and unequivocal appealability directives from the Board, whose obligation in this setting, as elsewhere in the Title 38 scheme, is to do all it can to provide clear guidance as to what it expects of the veteran. Uncertainty as to finality can both encourage premature at *1357 tempts to appeal the unappealable and cause the failure to appeal the appealable. Predicating appealability on the Board’s unambiguous instructions provides clarity. The Veterans Court thus did not rely on an incorrect rule of law in founding jurisdiction on a clear Board appealability statement, without resolving a dispute about whether Mr. Tyrues had one or more than one “claim” — a term that is in Rule 54(b) but not in section 7266(a). Tyrues, 23 Vet.App. at 172. Second, allowing the immediate appeal, subject to Veterans Court determinations of reasons not to proceed, makes possible quick correction of erroneous denials, see Elkins, 229 F.3d at 1375, while permitting oversight for systemic efficiency, as this court explained in its earlier, now-vacated decision in this case. Tyrues, 631 F.3d at 1384.
B
When the Board renders a clear definitive denial of benefits as part of a mixed decision, we further conclude, the veteran not only can appeal immediately, but must bring any appeal from the denial portion within the 120-day period allowed by statute. Such a denial is a “final decision,” as explained above, not an interlocutory decision. And section 7266(a) declares that, “[i]n order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans’ Appeals, a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed.” 38 U.S.C. § 7266(a) (emphasis added). The plain meaning of that language, moreover, fits with the analogous law governing a Rule 54(b) partial final judgment, which must be appealed within the time allowed for appealing any “final judgment” and cannot await completion of the rest of the litigation. See, e.g., Brown v. Eli Lilly and Co., 654 F.3d 347, 354 (2d Cir.2011) (dismissing for failure to timely appeal after entry of a Rule 54(b) judgment); In re Lindsay, 59 F.3d 942, 951 (9th Cir.1995) (“A Rule 54(b) judgment does not give the prospective appellant an election to appeal at that time or later, when the entire case is over.”).[1] As noted above, the appellate tribunal may decide not to proceed with the appeal (on request or sua sponte), but the appeal must be filed.
Contrary to Mr. Tyrues’s contention, the Supreme Court’s decision in Henderson does not support a radically different rule under section 7266(a), namely, that a veteran has the discretion to file an appeal immediately or to wait until completion of all remand proceedings. The Supreme Court in Henderson relied in substantial part on Title 38’s solicitude for veterans, 131 S.Ct. at 1205-06, but the Court invoked that policy for a limited purpose. It held only that violations of section 7266(a)’s timing requirement might be excused for good reasons, not that the rule could be disregarded at the veteran’s discretion in the significant class of cases involving mixed decisions. The Veterans *1358 Court recognizes the availability of case-specific equitable tolling to excuse such violations, and this court has not understood Henderson to require more. Indeed, Mr. Tyrues’s position that veterans have plenary discretion not to appeal (within 120 days) in all mixed Board decisions would be contrary to the Supreme Court’s understanding of section 7266(a)’s timing requirement as an “important procedural rule.” 131 S.Ct. at 1206.
Mr. Tyrues’s position also cannot be soundly supported by this court’s decision in Brownlee v. DynCorp., 349 F.3d 1343 (Fed.Cir.2003), which this court distinguished in its now-vacated 2011 ruling in this case, Tyrues, 631 F.3d at 1384-85. Brownlee held that, when the Armed Services Board of Contract Appeals has determined that the claimant is entitled to relief, an appeal of that determination could either be brought immediately to this court or await completion of the determination of monetary relief on that very claim. Thus, Brownlee did not involve the scenario involved here (or under Rule 54(b)); ie., it did not involve a completed adjudication of a particular claim for relief, but separation of liability and quantification determinations. And there are meaningful differences in statutory language and context.
The section of the Contract Disputes Act relevant in Brownlee uses permissive language in stating that a Board of Contract Appeals decision is final except that “a contractor may appeal the decision to the United States Court of Appeals for the Federal Circuit within 120 days.” 41 U.S.C. § 7107(a) (emphasis added). And the jurisdictional provision of this court that was relevant in Brownlee, 28 U.S.C. § 1295(a)(10), does not address the consequences of a failure to appeal from a final Board of Contract Appeals decision. Brownlee thus involved no statutory command as stark as section 7266(a)’s rule that, “[i]n order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans’ appeals, a person adversely affected by such a decision shall file a notice of appeal with the Court within 120 days.”
The Contract Disputes Act context is also quite different from the present context. There are roughly two hundred times more appeals from the Board of Veterans’ Appeals each year than there are from the Board of Contract Appeals. Compare United States Court of Appeals for the Federal Circuit, Appeals Filed, Terminated, and Pending (2012), available at www.cafc.uscourts.gov/the-court/ statistics.html (reporting 17 appeals filed from the Board of Contract Appeals during the twelve-month period ending September 30, 2012) with United States Court of Appeals for Veterans Claims, Annual Report (2012), available at www.uscourts. cavc.gov/report.php (reporting 3,649 appeals from the Board of Veterans’ Appeals during same period). The policies relevant to handling a trickle of appeals that involve commercial entities do not readily carry over to a large-scale system of adjudication that involves individual claimants and affirmatively seeks to provide benefits authorized by law as quickly as possible. Brownlee thus does not justify a result different from the result otherwise warranted in this case: final decisions that are part of mixed decisions must be appealed within the 120-day period specified in section 7266(a), subject to equitable tolling.
Conclusion
Because the Veterans Court correctly interpreted section 7266(a), and because it found no basis for equitable tolling of that provision’s 120-day rule in this case, we affirm the Veterans Court’s dismissal of the April 2004 appeal of the September 1998 Board decision.
*1359 No costs.
AFFIRMED.

. See also Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 516, 70 S.Ct. 322, 94 L.Ed. 299 (1950) ("We hold the decree ... to have been a final one as to Petroleum and one from which it could have appealed and that its failure to appeal therefrom forfeits its right of review.”); Hill v. Chicago & E.R. Co., 140 U.S. 52, 55, 11 S.Ct. 690, 35 L.Ed. 331 (1891) (refusing to consider, on appeal of a later judgment in the same suit, a party’s concurrent challenge to a prior judgment, which was not timely appealed, but was "appealable as to the matters which it fully determined”); Richard J. Pierce, Jr., Administrative Law Treatise § 11.7 (5th ed.2010) (warning that, when seeking judicial review of agency action, "if a party waits until the agency has taken a subsequent action, a court might dismiss the petition as untimely if it concludes that the action was reviewable at an earlier time.”).