NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARTHUR HARRIS,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-1849

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-4588, Judge Mary J. Schoelen.

---

Decided: October 11, 2016

---

ARTHUR HARRIS, Seattle, WA, pro se.

JANA MOSES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; Y. KEN LEE, CHRISTINA LYNN GREGG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before REYNA, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

Arthur Harris filed an appeal to the Court of Appeals for Veterans Claims (Veterans Court) to challenge a Regional Office denial of a claim. The court dismissed the appeal for lack of jurisdiction, because the Veterans Court's jurisdiction is limited to review of decisions of the Board of Veterans' Appeals and the Board had not decided the claim. *Harris v. McDonald*, No. 15-4588, 2016 WL 1118625 (Vet. App. Mar. 22, 2016). Mr. Harris appeals to this court, contending that he does not have to wait for a Board decision in order to present his appeal to the Veterans Court because the Board has not decided, or will not decide, his claim quickly enough to comport with the Fifth Amendment's guarantee of due process. We conclude that the Veterans Court committed no legal error in holding that it lacked jurisdiction. We therefore affirm.

## BACKGROUND

The record before us indicates that on November 12, 2015, the Seattle Regional Office of the Department of Veterans Affairs issued a rating decision that denied Mr. Harris's claim that certain benefit payments to him should not be reduced by the amounts of certain pension payments to him and of dependent-benefit payments to his daughter. The record does not clearly indicate whether Mr. Harris ever filed an appeal with the Board, but his informal reply suggests that he did. Appellant's Reply Br. at 2–3 (stating that the rating decision informed him "that he did not have to file a new appeal because they had on record his prior one"). On November 30, 2015, less than a month after the Regional Office decision, Mr. Harris filed a Notice of Appeal with the Veterans Court, challenging the Regional Office's November 12 decision.

On January 8, 2016, the Secretary of Veterans Affairs asked the Veterans Court to dismiss the appeal for lack of jurisdiction because there was no decision by the Board on Mr. Harris's claim. In response to the Veterans Court's order to explain why it should not dismiss the appeal, Mr. Harris confirmed that there was no such Board decision. On March 22, 2016, the Veterans Court dismissed the appeal for lack of jurisdiction, citing 38 U.S.C. §§ 7252 and 7266(a). *Harris*, 2016 WL 1118625, at *1. The court entered final judgment on April 13, 2016. Mr. Harris now appeals to this court.

## DISCUSSION

We interpret Mr. Harris's appeal as challenging the Veterans Court's interpretation of its jurisdictional statutes as requiring a Board decision that actually decides his claim even where delay in Board decision-making amounts to a due-process violation, which he asserts has occurred or will occur here. We have jurisdiction to entertain those contentions about the Veterans Court's ruling—contentions that involve a matter of statutory interpretation and a constitutional issue. 38 U.S.C. § 7292(d)(1), (2). But we reject Mr. Harris's contentions and affirm the Veterans Court's holding that it lacked jurisdiction.

The only potential statutory basis for Veterans Court jurisdiction identified here is 38 U.S.C. § 7252. By its terms, that statute requires a "decision" by the Board. And we have long held that "decision" refers to a grant or denial of the veteran's claim. *See Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005). There is indisputably no such decision here. Section 7252 is therefore inapplicable, and that is so whether or not the "decisions" covered by section 7252 must be "final"—a term used in the time-for-appeal rule of 38 U.S.C. § 7266, but not in the text of section 7252. *See Tyrues v. Shinseki*, 732 F.3d 1351, 1355–56 (Fed. Cir. 2013) (decision definitively

denying a claim on one ground is a "final decision" under § 7266 despite remand on another ground); *Howard v. Gober*, 220 F.3d 1341, 1344 (Fed. Cir. 2000).

Mr. Harris's constitutional contention, premised on Department delay in ruling on his claim, provides no basis for reversing the Veterans Court's holding of no jurisdiction. Nothing in section 7252 states an exception for constitutional challenges from the jurisdictional precondition of a Board decision. And we have held that at least some constitutional challenges can be presented to the Board and, based on that conclusion, upheld the Veterans Court's dismissal of an appeal for lack of jurisdiction where there was no relevant Board decision, including on the constitutional issue. *Ledford v. West*, 136 F.3d 776 (Fed. Cir. 1998). We do not see how Mr. Harris's unconstitutional-delay challenge could justify an exception to the "decision" requirement of 38 U.S.C. § 7252.

Indeed, Mr. Harris has not alleged facts sufficient to support his constitutional challenge. Under Mr. Harris's premise that he has a constitutionally protected property interest in the benefits he alleges have been improperly reduced, *see Cushman v. Shinseki*, 576 F.3d 1290, 1296–97 (Fed. Cir. 2009), the pertinent requirement of due process is that the individual receive notice and a fair opportunity to be heard "'at a meaningful time and in a meaningful manner,'" *Mathews v. Eldridge*, 424 U.S. 319, 332–33 (1976); *see Cushman*, 576 F.3d at 1296–97. But even if that requirement could be found violated by delays in some situations, we see no colorable basis for finding a violation here. Mr. Harris cannot complain of delay by the Board in reviewing the November 12 Regional Office rating decision: he gave the Board hardly any time, filing an appeal to the Veterans Court only a few weeks after that Regional Office decision. A complaint about expected delay by the Board is speculative at this point, both as to duration and as to reasons, making any due-process evaluation impossible. If Mr. Harris's complaint is in-

stead about delays in the Regional Office, he has not furnished specifics allowing evaluation of the course of events and reasons for any delays; and in any event, he has given us no basis for concluding that Board review was or is unavailable as a remedy for any unconstitutionally excessive delay. *See Lamb v. Principi*, 284 F.3d 1378, 1383 (Fed. Cir. 2002) (upholding Veterans Court denial of mandamus relief, noting Board's authority to require expedition in some circumstances).

CONCLUSION

We affirm the Veterans Court's dismissal of Mr. Harris's appeal.

No costs.

**AFFIRMED**