Citation Nr: 1736696 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 10-12 655 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUE

Entitlement to service connection for degenerative disc disease (DDD) of the lumbar spine on a secondary basis. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Veteran






ATTORNEY FOR THE BOARD

T. Grzeczkowicz, Associate Counsel

INTRODUCTION

The Veteran served on active duty from July 1966 to July 1989. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from a February 2007 rating decision of the North Little Rock, Arkansas, Regional Office (RO) of the Department of Veterans Affairs (VA), which determined that new and material evidence had not been presented to reopen a claim for service connection for low back pain. 

The Veteran appealed, and in May 2012, the Board reopened and remanded the claim, which it characterized as a claim for "degenerative disc disease of the lumbar spine, including as secondary to service connected disabilities, to include hallux valgus." 

In June 2014, the Board bifurcated the issue. Tyrues v. Shinseki, 732 F.3d 1351, 1356 (Fed. Cir. 2013) (bifurcation of a claim generally is within VA's discretion); Locklear v. Shinseki, 24 Vet. App. 311 (2011). Specifically, the Board denied a claim for service connection for degenerative disc disease (DDD) of the lumbar spine on a direct basis, and remanded a claim for "service connection for DDD as secondary to service-connected disabilities, to include hallux valgus." 

In April 2016, the Board denied the claim for service connection for DDD as secondary to service-connected disabilities, to include hallux valgus.

The appellant appealed to the U.S. Court of Appeals for Veterans Claims (Court). In November 2016, while his case was pending at the Court, the VA's Office of General Counsel and appellant's representative filed a Joint Motion requesting that the Court vacate the Board's April 2016 decision. That same month, the Court issued an Order vacating the April 2016 Board decision. 
In February 2017, the Board remanded the claim for service connection for DDD as secondary to service-connected disabilities to include hallux valgus for an addendum opinion applying the correct legal standard under 38 C.F.R. § 3.310(a). 

A Travel Board hearing was held in November 2010. A copy of the transcript of that hearing is of record. 

FINDINGS OF FACT

The Veteran's current low back degenerative disc disease is not secondary to or aggravated by or proximately due to any service-connected disability. 


CONCLUSION OF LAW

The Veteran's low back degenerative disc disease was not caused or aggravated by a service-connected disability. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.310 (2016). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Duty to Notify and Assist

Upon receipt of a substantially complete application, VA must notify the claimant and any representative of any information, medical evidence, or lay evidence not previously provided to VA that is necessary to substantiate the claim. The notice must: (1) inform the claimant about the information and evidence not of record that is necessary to substantiate the claim; (2) inform the claimant about the information and evidence that VA will seek to provide; and (3) inform the claimant about the information and evidence the claimant is expected to provide. 38 U.S.C.A. §§ 5103, 5103A, 5107; 38 C.F.R. § 3.159; Pelegrini v. Principi, 18 Vet. App. 112 (2004). The RO provided a notice letter to the Veteran in May 2008. The letter did inform the Veteran of the evidence and information necessary to substantiate a claim on a secondary basis. The content of the letter complied with the requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b). The degenerative disc disease of the lumbar spine disability claim was subsequently readjudicated in the June 2017 supplemental statement of the case. 

VA has also satisfied its duty to assist the Veteran in the development of his claims. First, VA satisfied its duty to seek relevant records. The RO associated the Veteran's service treatment records (STRs), service personnel records (SPRs), private treatment records and VA treatment records with the claims file. 

Second, VA satisfied its duty to obtain adequate medical examinations. VA provided the Veteran an examination for a degenerative disc disease of the lumbar spine disability in May 2012. The examination was adequate, as the examiner considered the relevant history of the Veteran's symptoms, provided sufficiently detailed descriptions of any disability, and included clear conclusions with supporting data. Stefl v. Nicholson, 21 Vet. App. 120, 123-24 (2007); Barr v. Nicholson, 21 Vet. App. 303, 311-12 (2007) (holding that once VA undertakes the effort to provide an examination when developing a claim, even if not statutorily obligated to do so, VA must ensure that the examination provided is adequate). Pursuant to the June 2014 Board remand, the RO obtained a VA medical opinion in July 2014 regarding whether the Veteran's degenerative disc disease of the lumbar spine was proximately due to or the result of the Veteran's service-connected disabilities, excluding hallux valgus. Pursuant to the November 2016 Joint Motion for Remand Board remand, the RO obtained a VA medical opinion in March 2017 regarding secondary service connection for the Veteran's degenerative disc disease of the lumbar spine disability. Based on the foregoing actions, the Board finds that there has been substantial compliance with the Board's remand. Stegall v. West, 11 Vet. App. 268 (1998) (finding that a remand by the Board confers on the appellant the right to compliance with the remand orders). 

The Board finds that the duties to notify and assist the Veteran have been met and that no further action is required prior to rendering a decision on the merits of the claims. 

II. Law and Regulations

Service connection may be granted for a disability resulting from disease or injury incurred or aggravated during active military service. 38 U.S.C.A. §§ 1110, 1131. That an injury or disease occurred in service is not enough; there must be a chronic disability resulting from that injury or disease. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity. 38 C.F.R. § 3.303(b). Service connection may also be granted for any injury or disease diagnosed after service, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d).

Generally, service connection requires (1) the existence of a present disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may be established on a secondary basis for a disability which is proximately due to or the result of service-connected disease or injury. 38 C.F.R. § 3.310(a). Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) proximately caused by or (b) proximately aggravated by a service-connected disability. Allen v. Brown, 7 Vet. App. 439, 448 (1995) (en banc). 

Service connection for arthritis may be established on a presumptive basis by showing that arthritis manifested itself to a degree of 10 percent or more within one year from the date of separation from service. 38 U.S.C.A. §§ 1112, 1113; 38 C.F.R. §§ 3.307(a)(3), 3.309(a). Where arthritis manifests to a compensable degree within one year following separation from service, it is presumed to have had its onset in service even though there is no evidence of arthritis during service. 38 C.F.R. § 3.307(a). 

Lay assertions may serve to support a claim for service connection by supporting the occurrence of lay-observable events or the presence of disability or symptoms of disability subject to lay observation. 38 U.S.C.A. § 1153(a); 38 C.F.R. § 3.303(a); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); see Buchanan v. Nicholson, 451 F. 3d 1331, 1336 (Fed. Cir. 2006)(addressing lay evidence as potentially competent to support presence of disability even where not corroborated by contemporaneous medical evidence).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

III. Factual Background

In June 1993, X-rays showed mild bony degenerative changes of the lumbar spine and a history of low back pain. 

In July 2006, a magnetic resonance imaging (MRI) revealed partial degenerative disc desiccation. 

In a November 2007 Statement in Support of Claim, the Veteran stated that his back problem does not allow him to perform his job effectively as he was limited in his lifting, he could not sit for long periods of time, and he could not bend to perform work.

At a February 2010 VA examination, the examiner reported that the Veteran's in-service complaints of muscle strain and myositis do not translate into the diagnosis of spinal canal stenosis and degenerative disc disease. The examiner opined that the Veteran's service-connected bilateral shoulder impingement was not related to his in-service back problems. 

At a November 2010 Board hearing, the Veteran stated that he was being treated for arthritis in his "full skeleton" and he considered his low back to be part of that skeleton. He indicated that he had pain that generated from his shoulder down through his back. 

In a May 2012 report, an independent opinion was provided by J.W.M., M.D., where he noted that the Veteran had provided two excerpts from two medical articles in support of his claim that his service-connected hallux valgus had aggravated his low back DDD. As to the first article, the examiner reviewed it and stated that it showed that the commonality between foot/toe problems and arthritis was that they were both joint related maladies "so if you have one, you are more likely that the general population to have the others." He stated that this showed no causal relationship. As to the second medical excerpt, the examiner also reviewed it and stated that it found a significant difference in the disability of back patients with and without deformed feet, and a correlation between pain and disability. In other words, if your feet and back hurt, one was more disabled and had a higher pain score. He also stated that this did not indicate a causal relationship. 

The May 2012 examiner further noted that his review of the claims file showed that while the Veteran developed hallux valgus during service, it was his opinion that the condition was less likely than not (less than 50 percent probability) aggravated the back condition. For rationale, he stated that the medical literature provided showed only an association between having both deformed feet and back pain, not a causal relationship, and a higher disability and pain score if you had both. He added that "if your feet and back both hurt, one was less functional and had more perceived pain and that the deformed feet do not aggravate the back, it is just that a life time of wear and tear affects both, and in combination, [one] feel[s] worse than with either alone." 

In a July 2014 report, a VA examiner noted that the Veteran's DDD of the lumbar spine was less than likely (less than 50 percent probability) due to or the result of the Veteran's service-connected HTN, left finger fracture, CAD, left thumb scar, or his bilateral shoulder impingement disorder. Nor was the Veteran's DDD of the lumbar spine made worse by any of these conditions. The examiner opined that there was no correlation between any of these entities and DDD of the lumbar spine "either from a causative, physiologic, or any medical condition one would wish to express to be a direct correlation or causation. They were all separate entities as to cause and effect." 

In a March 2017 report, the examiner opined that, "according to definition of "aggravation" and "as likely as not" there is no exam data or data itself to support a logical reason or possibility that service connected hallux valgus has done this for the non service-connected back." In the opinion regarding medical evidence, the examiner stated, "I have reviewed the conflicting medical evidence and am providing the following opinion: n.a."

IV. Analysis 

The Veteran asserts that he has a low back disability that has been caused or aggravated by a service-connected disability. Specifically, he argues that his service-connected hallux valgus has caused or aggravated his low back disability. 

Service connection is currently in effect for hallux valgus, bilateral great toes; hypertension; residuals of a left finger fracture; left thumb scar; impingement syndrome of the left and right shoulders, and coronary artery disease, status post stenting. 

The Board finds that the preponderance of the evidence is against the Veteran's claim for service connection for degenerative disc disease of the lumbar spine on a secondary basis. Because the question of whether a disability such as degenerative joint disease of the lumbar spine is related to another disorder such as hallux valgus is a medical question requiring expertise, the Board relies in particular upon the March 2017 VA examiner's report. That report reflects that the examiner reviewed the Veteran's claims file and understood the medical questions asked by the originating agency. The examiner offered a clear rationale for his opinion that the "according to the definition of "aggravation" and "as likely as not" there is no exam data or data itself to support a logical reason or possibility that the Veteran's service connected hallux valgus has done this for non service-connected back." The examiner relyed on both the Veteran's medical records and reported history and the examiner's own medical expertise. The examiner offered a clear and comprehensive rationale for his conclusion. Importantly, the Board notes that the VA examiner's opinion is uncontradicted by any medical evidence of record. Thus, the Board finds persuasive the absence of competent medical evidence to support a finding of a nexus between the Veteran's degenerative disc disease of the lumbar spine and his service-connected hallux valgus disability. 

The Board has also carefully considered the Veteran's lay statements attributing his current low back disorder to a service-connected disability. He is competent to describe his symptoms and the events surrounding his back disability, as such requires personal knowledge rather than medical expertise. See Jandreau v. Nicholson, 492 F.3d 1372, 1367-77 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331, 1336 (Fed. Cir. 2006). In addition, lay witnesses may, in some circumstances, opine on questions of diagnosis and etiology. See Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009). In this case, however, the Board does not find the Veteran competent to relate the symptoms of his current DDD of the lumbar spine to one of his service-connected conditions. Such inquiries are within the province of trained medical professionals because they involve complex medical issues and not something capable of lay observation, such as varicose veins, ringing in the ears, or a broken leg. 

Notably, the Veteran submitted two excerpts from two medical articles in support of his claim that his service-connected hallux valgus had aggravated his low back DDD. In a May 2012 report, an independent opinion was provided by J.W.M., M.D. As to the first article, entitled Prevalence and Associations of Hallux Valgus in a Primary Care Population, the examiner reviewed it and stated that it showed that the commonality between foot/toe problems and arthritis was that they were both joint related maladies "so if you have one, you are more likely that the general population to have the others." He stated that this showed no causal relationship. 

As to the second medical excerpt, entitled Low back pain: Effect of Coexisting Foot Deformity on Disability, the examiner also reviewed it and stated that it found a significant difference in the disability of back patients with and without deformed feet, and a correlation between pain and disability. The examiner indicated that, "in other words, if your feet and back hurt, one was more disabled and had a higher pain score." He also stated that this did not indicate a causal relationship. 

The examiner further noted that his review of the claims file showed that while the Veteran developed hallux valgus during service, it was his opinion that the condition was less likely than not (less than 50 percent probability) aggravated the back condition. For rationale, he stated that the medical literature provided showed only an association between having both deformed feet and back pain, not a causal relationship, and a higher disability and pain score if you had both. He added that "if your feet and back both hurt, you are less functional and have more perceived pain." The examiner explained that, "the deformed feet don't aggravate the back - it is just that a life time of wear and tear affects both, and in combination, [one] feel[s] worse than with either alone." 

For the foregoing reasons, the Board finds that the preponderance of the evidence is against the claim of entitlement to service connection for a DDD of the low back as secondary to a service-connected disability. Therefore, the benefit of the doubt doctrine is not for application. See 38 U.S.C.A. § 5107(b) (West 2014); 38 C.F.R. § 3.102 (2015); Gilbert, supra. 


ORDER

Entitlement to service connection for DDD of the lumbar spine on a secondary basis is denied. 




____________________________________________
THOMAS H. O'SHAY
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs