NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DORIS E. POOLE,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-2324

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-3063, Judge William S. Greenberg.

---

Decided: October 3, 2018

---

CHRIS ATTIG, Attig Steel, PLLC, Little Rock, AR, argued for claimant-appellant.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by KRISTIN MCGRORY, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR., CHAD A. READLER; BRIAN D. GRIFFIN, BRYAN THOMPSON, Office of General

Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before NEWMAN, LINN, and DYK, *Circuit Judges.*

DYK, *Circuit Judge.*

Doris E. Poole, the widow of Grady A. Poole, a veteran, appeals from an order of the Court of Appeals for Veterans Claims ("Veterans Court") dismissing for lack of jurisdiction her appeal from the Board of Veteran's Appeals ("Board"). The Board had remanded Mrs. Poole's claim to the Veterans' Affairs Regional Office (RO) for further development. Because the Veterans Court lacked jurisdiction to consider the Board's remand order, which did not render a decision on any theory and thus was not an appealable decision, we *affirm*.

## BACKGROUND

Mr. Poole served on active duty in the U.S. Army from April 1950 to April 1953, including service in the Korean War, and continued his service in the reserves from 1963 to 1989. In 1985, Mr. Poole suffered an injury to his left shoulder while on active service. The effects of this injury persisted until Mr. Poole died in May 2004 due to lymphoma with bone metastasis.

Following the death of her husband, Mrs. Poole filed a claim for dependency and indemnity compensation pursuant to 38 U.S.C. § 1310, which provides for such compensation when a veteran dies "from a service-connected" disability.[1] Her claim involves two theories of how Mr.

_____

[1] Mrs. Poole also initially sought benefits under 38 U.S.C. § 1318, which provides for compensation in certain circumstances when a veteran's death is *not* service-connected. That claim was denied, and the Veterans

Poole's service caused his death from lymphoma. The first theory is that Mr. Poole's service directly caused his lymphoma (the "direct causation theory"). The second theory is that his service-connected shoulder injury impaired his ability to receive effective treatment for his lymphoma, thus hastening his death (the "shoulder injury theory"). *See* 38 C.F.R. § 3.312(c)(4) (providing that a veteran's death may be service-connected if "a service connected condition . . . ha[d] a material influence in accelerating death").

Mrs. Poole's claim took a tortuous procedural path that included multiple appeals to the Board and remands to the RO. As relevant here, the RO denied Mrs. Poole's claim in 2012. The Board affirmed that denial in May 2014, finding that Mr. Poole's service-connected left shoulder injury did not contribute to his death and that his lymphoma was not linked to his active service. Mrs. Poole appealed to the Veterans Court.

In April 2016, the Veterans Court granted the parties' joint motion to remand to the Board. In that motion, the parties agreed that a remand was necessary because the RO's 2012 decision failed to adequately support the conclusion "that the Veteran's lymphoma is not related to his service." J.A. 113–14. The parties agreed that on remand to the Board, Mrs. Poole was "free to submit additional evidence and argument" regarding the service connection for Mr. Poole's cause of death and that the Board would then "reexamine the evidence of record." J.A. 115.

On remand to the Board, Mrs. Poole submitted a medical opinion by Dr. Judy Schmidt, who concluded that Mr. Poole's service-connected shoulder injury "contributed to a 50% decrease in cure rate from a lymphoma that he

---

Court affirmed the denial under § 1318 in March 2011. That claim is not involved in this appeal.

should have been cured from with proper treatment." J.A. 97.

The Board then remanded to the RO. The remand order acknowledged that Mrs. Poole had submitted a letter from Dr. Schmidt and directed the RO to provide an oncologist who "must address the opinion offered by Dr. Schmidt." J.A. 81. The order instructed the RO to then "review the claims file to ensure that all of the foregoing requested development is completed," then "readjudicate the claim," and that "[t]he case should then be returned to the Board, if in order, for further appellate review." J.A. 81. Finally, the order stated that it was "in the nature of a preliminary order and does not constitute a decision of the Board on the merits," and that "only a decision of the Board of Veterans' Appeals is appealable" to the Veterans Court. J.A. 82.

On September 2, 2016, Mrs. Poole appealed the Board's remand order to the Veterans Court, contending that the Board had rejected her shoulder injury theory. The Veterans Court held that it lacked jurisdiction because "in order for a claimant to obtain review of a Board decision by [the Veterans Court], that decision must be final," and here the "Board remand is not a final decision." J.A. 2.

Mrs. Poole timely appealed to this court.[2] We have jurisdiction under 38 U.S.C. § 7292. We review legal determinations of the Veterans Court de novo. *Goodman v. Shulkin*, 870 F.3d 1383, 1385 (Fed. Cir. 2017).

---

[2]    Mrs. Poole also unsuccessfully petitioned the Veterans Court for a writ of prohibition to prevent the RO from complying with the Board's remand order. Our decision in a companion case decided today, *Poole v. Wilkie*, No. 17-1840, slip op. (Fed. Cir. Oct. 3, 2018), affirms the Veterans Court's denial of that petition.

DISCUSSION

Mrs. Poole contends that Board decisions need not be "final" to be appealable. We have previously declined to decide that question, noting that the statute defining the Veterans Court's jurisdiction requires a Board "decision" for appeal. *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364–65 (Fed. Cir. 2005); 38 U.S.C. § 7252. Here too we need not decide the issue of finality, because we resolve this case on the basis of the "decision" requirement.

The central question here is whether any portion of the Board's remand order denied benefits such that it constituted a "decision" available for Veterans Court review. Section 7252 of Title 38 provides that the Veterans Court may review only "decisions" of the Board. "A decision of the Board is an order that either grants or denies benefits." *See Tyrues v. Shinseki*, 732 F.3d 1351, 1355–56 (Fed. Cir. 2013). In *Kirkpatrick* we held that a Board remand order is generally not a "decision," since it does not grant or deny benefits, and that the Veterans Court therefore generally lacks jurisdiction over an appeal from a remand order. *See* 417 F.3d at 1364. However, a Board decision that renders a "clear definitive denial of benefits" "on one statutory ground while remanding for consideration of entitlement to benefits on another ground" *is* immediately appealable as to the portion denying benefits. *Tyrues*, 732 F.3d at 1355–57. That is so because in "the denial portion" of such a decision, the Board has "definitively denied benefits," making that portion a "final decision" "despite the simultaneous remand of issues concerning receipt of benefits on other statutory grounds." *Id.* at 1355–56.

Mrs. Poole contends that the Board's remand order in this case "clearly and definitively denied" her theory that Mr. Poole's service-connected shoulder injury hastened his death from lymphoma, because it remanded only the

alternative theory that his lymphoma originated from his active service. Appellant's Br. at 14–15.

We disagree. As an initial matter, we do not view the Veterans Court's remand to the Board in April 2016 as limiting the Board to the direct causation theory. The remand was based on the parties' agreement that the RO had failed to support the conclusion "that the Veteran's lymphoma is not related to his service," and the parties' motion provided that Mrs. Poole could submit "additional evidence and argument on the questions at issue" to the Board. J.A. 113–15. It would be surprising if the Board's subsequent remand order then narrowed the available theories when the Veterans Court's remand required consideration of all theories.

In any event, pursuant to the Veterans Court remand order, the Board clearly remanded both of Mrs. Poole's theories for further consideration. First, the order directed the RO to provide an oncologist to determine whether Mr. Poole's lymphoma was "etiologically related to his service." J.A. 80. Second, the order stated that the oncologist "must address the opinion offered by Dr. Schmidt," and if the oncologist disagrees with Dr. Schmidt, "provide a fully reasoned explanation for that disagreement." J.A. 81. Dr. Schmidt almost exclusively opined that Mr. Poole's shoulder injury "was the proximate and actual cause of his low performance status," which in turn "contributed to a 50% decrease in cure rate" from his lymphoma. J.A. 97. Thus, to comply with the Board's remand order, the RO had to address and adjudicate the shoulder injury theory. The government agrees that the Board remanded both theories and that both are preserved for subsequent proceedings.[3] And Mrs. Poole

---

[3] The government's position seems to be that these two theories constitute a single claim for relief. We need not resolve whether this case involves two separate claims

all but concedes that the Board did not render a "clear definitive denial" of her theory, as she argues that the Board entirely "failed to address Mrs. Poole's fully articulated, and fully proved, legal theory." Appellant's Br. at 17.

Another factor indicating that the Board's remand order did not constitute a "clear definitive denial of benefits" as required by *Tyrues*, 732 F.3d at 1357, is that the order expressly stated it was "in the nature of a preliminary order and does not constitute a decision of the Board on the merits." J.A. 82. By contrast, in *Tyrues* the Board's decision contained "unequivocal appealability directives" to the veteran. 732 F.3d at 1356. Specifically, the decision there stated it was "the final decision for all issues addressed in the 'Order' section of the decision" and contrasted these decided issues with issues in the "'Remand' section [that] follows the 'Order.'" The decision also advised the veteran, "[y]ou have 120 days from the date this decision was mailed to you . . . to file a Notice of Appeal" with the Veterans Court, suggesting that some appealable issue had been decided. *Id.* at 1354.

Extending *Tyrues* to cases such as this one, where the Board's remand order does not explicitly deny relief on any theory and expressly states it is *not* a decision on the merits, would place an untenable burden on veterans. It would require veterans to parse Board remand orders for implicit denials of specific factual theories, ignore express instructions that the order is *not* final, and appeal the implicitly-denied theories within 120 days or forfeit them. As we reasoned in *Tyrues*, such "[u]ncertainty as to finality can both encourage premature attempts to appeal the

---

or two separate theories, since we hold that, however framed, the Board's remand order here did not deny benefits on any basis.

unappealable and cause the failure to appeal the appealable." *Id.* at 1356–57. We decline the invitation to further complicate a regime that is already challenging to navigate.

We note that even if the Board had issued a decision rejecting the shoulder theory, that decision would likely not have been immediately appealable, as "the denial portion" would have been "inextricably intertwined" with the remand on the direct causation theory. *See id.* at 1356. Both theories related to a single statutory ground for benefits—38 U.S.C. § 1310—and both related specifically to the service connection of Mr. Poole's death from lymphoma.

## CONCLUSION

Since the Board's remand order did not decide either causal theory presented by Mrs. Poole, there was no "decision" to appeal, and thus no obligation to appeal to the Veterans Court to preserve those theories. Both theories will be considered in any subsequent proceedings before the Board or the Veterans Court. Accordingly, the Veterans Court did not err in dismissing the appeal for lack of jurisdiction.

We assume that the RO will promptly process and resolve Mrs. Poole's claim, particularly in light of its 14-year history.

## **AFFIMED**

### COSTS

No costs.